**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN E. LEPLEY, ) | 3:11-cv-00781-ECR (WGC) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ROBERT LEGRAND, et. al. ) | |
| Defendants. ) | |

Before the court is Plaintiff's motion requesting a Rule 26 discovery conference. (Doc. # 39.)[1] Defendants have moved to strike Plaintiff's motion (Doc. # 41) and Plaintiff filed an opposition to the motion to strike (Doc. # 42).

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter[s]" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Nevertheless, courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted).

Defendants are correct that Plaintiff improperly filed this motion while the court ordered stay of litigation was in effect. (*See* Doc. # 32.) Moreover, Rule 26 specifically exempts

---
[1] Refers to court's docket number.

pro se inmate litigation from the requirement of holding a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(B)(iv), (f)(1). In addition, pursuant to the local rules of this district, a discovery plan is not required in inmate cases filed pursuant to 42 U.S.C. § 1983, obviating the need to hold a Rule 26 conference. *See* L.R. 16-1(b).

Accordingly, Defendants' motion to strike Plaintiff's request for a Rule 26 conference (Doc. # 41) is **GRANTED** and Plaintiff's motion (Doc. # 39) is **STRICKEN**.

DATED: August 29, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2