UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN E. LEPLEY, | CASE NO. 3:11-CV-781-LRH-WGC |
| Plaintiff(s), | MINUTES OF COURT |
| vs. | DATE: Thursday, January 3, 2013 |
| ROBERT LEGRAND, et al., | |
| Defendant(s). | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, MAGISTRATE JUDGE

Deputy Clerk: Dionna Negrete
Reporter: FTR #2:03:46 - 3:28:42
Counsel for Plaintiff(s):  Pro Se
Counsel for Defendant(s):  Brian Hagen, Deputy Attorney General

MINUTES OF PROCEEDINGS:

2:03 p.m. Court convenes.

The Court addresses the parties as to Motions [63], [98], and [103]. Plaintiff addresses the Court indicating he received monies from family members which addresses the aforementioned motions. IT IS ORDERED that Motions [63], [98], and [103] are DENIED as MOOT.

The Court addresses the plaintiff as to Motion for Extension of Discovery [90]. Mr. Lepley responds. Mr. Hagen responds and informs the Court that "Bobby Bradley" was never employed at Lovelock, "Gregory Bradley" was a former employee, he has not been served, and has not filed a request for the Attorney General to represent him. Mr. Hagen clarifies for the record regarding the confusion as to "Bobby Bradley" and "Gregory Bradley" and the representation of Gregory Bradley, further Mr. Hagen does not object to the extension of discovery as to Gregory Bradley. The Court and parties confer regarding defendants Millican and Widmar on the record.

The Court addresses Motions [70], [71], and [101], requesting clarification regarding amending the complaint as to investigator James Keener and nurse Wade Westover. Mr. Lepley presents argument. Mr. Hagen responds. The Court and parties confer regarding the Second Amended Complaint and Addendums.

Lepley v. Legrand, et al.
3:11-cv-781-LRH-WGC
January 3, 2013
Page 2 of 3
_____/

      IT IS ORDERED that Motions [70], [71], and [101] are DENIED. Should the plaintiff wish to seek to amend the complaint he may file a motion to include who he thinks should be a part of this action as discussed by the parties on the record. IT IS FURTHER ORDERED that Mr. Hagen shall prepare a stipulation dismissing "Bobby Bradley" substituting in place and stead "Gregory Bradley" for Mr. Lepley's consideration. Mr. Hagen further represents that Officer Gregory Bradley's last known address will be filed under seal this afternoon. The Court informs Mr. Lepley that he will have to attempt to effect service on Gregory Bradley as indicated on the record. IT IS ORDERED that a separate order will be issued regarding process of service. Mr. Hagen informs the Court that a Motion to Dismiss Bobby Bradley [107] has been filed. The Court instructs Mr. Hagen to leave the motion on file, and draft the stipulation as previously ordered.

      The Court further addresses Motion for Extension of Discovery [90]. Mr. Hagen does not object to the extension as stated on the record. IT IS ORDERED that Motion [90] is GRANTED. IT IS FURTHER ORDERED that discovery will be extended an additional 105 days, until 4/18/13, all other deadlines in the scheduling order shall follow accordingly.

      The Court and parties address Motion [88] and [102], regarding defendant Widmar's interrogatories and answers. Mr. Hagen will follow up as discussed. IT IS ORDERED Motion [88] is GRANTED IN PART, directing defendant Widmar to answer interrogatories within 30 days. The remainder of Motions [88] and [102] are DENIED as MOOT. Further, after service of Gregory Bradley discovery shall proceed according to the rules. As to defendant Reed, the parties shall discuss at their discovery meet and confer.

      The Court and parties address Motion [100]. Mr. Hagen responds and is following up on the interrogatory requests. Mr. Lepley clarifies his request for the Court on the record. IT IS ORDERED that Motion [100] is GRANTED IN PART as to defendant Legrand directing him to answer second set of interrogatories, not to exceed 25 questions, within 30 days. IT IS FURTHER ORDERED the Motion is DENIED as to defendant Widmar. See also [88].

      The Court instructs the parties they are to meet and confer regarding discovery issues to try to resolve them informally. Mr. Hagen will arrange for a telephone conference with Mr. Lepley.

      The Court addresses Motion [83]. Mr. Hagen responds. Mr. Lepley presents argument. IT IS ORDERED Motion [83] is GRANTED. Plaintiff shall bear the costs of any evidence testing to be conducted. IT IS FURTHER ORDERED that defendants shall maintain custody of the evidence in question, and that it not be destroyed.

Lepley v. Legrand, et al.
3:11-cv-781-LRH-WGC
January 3, 2013
Page 3 of 3
_____/

      The Court further address Notices to Court [78] and [72]. To the extent that the Court has interpreted those as motions. IT IS ORDERED[78] is DENIED and [72] is DENIED as MOOT.

      Mr. Lepley questions the Court as to service of defendants Bradley and Millican. Further, the plaintiff informs the Court of his new address on the record. The Court instructs the plaintiff that he is obligated to file a Notice of Change of Address with the Clerk's office accordingly. Defendant Millican is discussed on the record, it appears he has been inadvertently terminated on the docket.

3:19 p.m. The Court takes a brief recess.

      Mr. Lepley inquires as to acquiring the proper forms for service from the Court. Mr. Hagen will further file under seal defendant Bradley and Millican's last known addresses accordingly. After review of the docket it appears, document [51] indicates defendant Millican's last known address has been filed. The Court will issue a separate minute order directing the Clerk's office to issue the summonses with instructions to the U.S.M. accordingly.

3:28 p.m. Court adjourns.


                LANCE S. WILSON, CLERK

                By:    D. Negrete
                          Deputy Clerk