# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN E. LEPLEY, | ) | 3:11-cv-00781-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | February 21, 2013 |
| | ) | |
| | ) | |
| ROBERT LEGRAND, *et al.,* | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>  REPORTER:  <u>                 FTR                 </u>

COUNSEL FOR PLAINTIFF:  <u>  Brian E. Lepley, In Pro Per (Telephonically)                </u>

COUNSEL FOR DEFENDANTS:  <u> Brian Hagen                                                        </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:34 a.m. Court convenes.

The court and parties address a series of motions filed by plaintiff.  After discussion and good cause appearing, the court orders the following:

## I.   <u>Motion to Extend Prison Copywork Limit (Dkt. #116)</u>

The court notes that there is not a response filed by the defendants.  Mr. Hagen confirms there has been no response filed with the court and that defendants do not have an objection to Mr. Lepley's request for an extension of copywork limit.

Plaintiff informs the court that, at the time this request was made, there was a mistake in the information provided by the law library regarding plaintiff's account balance.  Plaintiff explains, since the request for an extension of copywork was made, the mistake has been resolved and he, at this time, does not wish to pursue the instant motion.

In view of plaintiff's representation, plaintiff's Motion to Extend Prison Copywork Limit (Dkt. #116) is **DENIED as moot**.

MINUTES OF PROCEEDINGS
3:11-cv-00781-LRH-WGC
Date: February 21, 2013
Page 2

II.   **Motion to Compel / for Court to Grant Another 25 Interrogatories (Dkt. #117)**

The court notes that there is no response on file by defendants regarding this motion.

Mr. Hagen indicates that, within the context for Federal Rules of Civil Procedure 33, governing interrogatories, defendant Rex Reed does not have an obligation to return to his former employer to obtain information to respond to plaintiff's request for interrogatories.

The court expresses its concern with plaintiff's request for interrogatories as to Mr. Reed, who is no longer employed by the Nevada Department of Corrections ("NDOC"). The court is further inclined to agree with Mr. Hagen that Mr. Reed would not be obligated to answer such a request if, in fact, he was retired prior to the request being served.

Mr. Lepley explains that Mr. Reed's responses one through eleven of the twenty-five sets of interrogatories served had stated "I don't know, I am retired." Mr. Lepley indicates that he is under the assumption that Mr. Reed was not retired when this set of interrogatories were served on October 22, 2012. Mr. Lepley suggests that either a declaration or affidavit be submitted to confirm the date of Mr. Reed's retirement.

Mr. Lepley notes for the record that all interrogatories served on defendants do not have signatures of the person(s) being requested to respond nor have they been notarized.

In light of plaintiff's representation and what appears to be inadequate and deficient responses to plaintiff's request for interrogatories submitted by the defendants, the court is not inclined to make any rulings on this particular motion. Therefore, plaintiff's motion to compel / for Court to Grant Another 25 Interrogatories is **DEFERRED** until a statement is filed with the court by defendants identifying the date of Rex Reed's retirement. The statement shall further include an explanation as to why the interrogatories were neither notarized nor have the original signature.

9:48 Court recesses.

During the recess Mr. Hagen was able to ascertain the date of Mr. Reed's retirement. Mr. Reed retired August 11, 2012. Based upon the representation that Mr. Reed was not employed by the NDOC when the interrogatories were served, and to the extent the proposed questions related to institutional policy and/or statistics, the court **RESCINDS** its earlier deferment as to plaintiff's Motion to Compel / for Court to Grant Another 25 Interrogatories (Dkt. #117) and it will be the finding of the court that plaintiff's instant motion (Dkt. #117) is **DENIED**. However, the court maintains its position that defendants are required to file a notice with the court that attaches Mr. Reed's verification to the answers to interrogatories and, included in that verification,

MINUTES OF PROCEEDINGS
3:11-cv-00781-LRH-WGC
Date: February 21, 2013
Page 3

Mr. Reed's date of retirement.   Defendants' notice to the court shall be filed no later that **Friday, March 1, 2013.**

In response to Mr. Lepley's assertion that *all* answers to interrogatories have not been notarized or signed whatsoever, Mr. Hagen is directed to review defendants' entire case file. Should any deficiencies exists, a notice shall be filed with the court that corrects the deficiencies.

### III.    Plaintiff's Brief in Support of Dkt. #123 Motion to Compel (Dkt. #126)

Mr. Lepley informs the court that he has received answers as to defendant Widmar's first set of Interrogatory No. 1 - 18; however, the second set of Interrogatory No. 1-7 were served at a later date.

Mr. Hagen advises the court that he is unaware of the second set of interrogatories being served. Mr. Hagen recollects having a conversation with Mr. Lepley in which he agreed not to object to Mr. Lepley completing the twenty-five (25) limit of interrogatories and serving the last seven (7) request for interrogatories.

The court explains that, as to paragraph one of Dkt. #126, it appears defendant Widmar has complied with the court's order (Dkt. #112) and has served his responses to plaintiff's discovery request. Mr. Hagen is directed to clarify whether the responses were verified and executed under oath.

As to the second set of interrogatories, the court directs Mr. Lepley and Mr. Hagen to discuss the status of the second set of interrogatories. Should it be found that the second set of interrogatories have not been served on defendants, plaintiff is directed to re-serve the interrogatories so defendants can respond appropriately.

The court notes that paragraph two of plaintiff's instant brief (Dkt. #126) has been addressed during discussion of plaintiff's Dkt. #117 and does not need to be addressed any further.

### IV.    Motion to Compel Production of Documents (Dkt. #123)

The court notes that there is no response on file by defendants regarding this motion.

It appears that plaintiff is requesting the production of a manual with regard to the Prison Rape Elimination Act ("PREA"), specifically the "PREA protocol." Based on plaintiff's statement in his motion to compel (Dkt. #123) defendants have not produced the document, asserting that they are "confidential" materials.

**MINUTES OF PROCEEDINGS**
3:11-cv-00781-LRH-WGC
Date: February 21, 2013
Page 3

After discussion with the parties regarding the specific request for production of the PREA manual, the court briefly reviews plaintiff's causes of action in this instant matter.   Based on the review of plaintiff's causes of action, the court finds that plaintiff does not claim that his rights were violated because prison officials did not follow the provisions of PREA or conduct an investigation of an alleged sexual assault.  In view of this, the court finds that the PREA does not appear to be an element of this instant matter.   Therefore, plaintiff's Motion to Compel Production of Documents (Dkt. #123) is **DENIED**.

## V.    Discussion regarding service as to Gregory Bradley and Joseph Millican

The court directs Mr. Hagen to inquire with the United States Marshals Office the status of service as to defendant Gregory Bradley and defendant Joseph Millican.   Mr. Hagen is further directed to relate the status of service as to the two defendants with Mr. Lepley.

10:27 a.m. Court adjourns.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK


By: _____/s/_____
        Katie Lynn Ogden, Deputy Clerk