## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN E. LEPLEY, | ) | 3:11-cv-00781-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 9, 2013 |
| | ) | |
| ROBERT LEGRAND, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

     Before the court is Plaintiff's "Request" wherein Plaintiff solicits the assistance of the court to allow Plaintiff to take the deposition of a non-party witness (Doc. # 150).  Plaintiff wants to depose Miguel Forero, the whom Nevada Department of Corrections has identified as a "Disease Control Specialist III."  Mr. Forero was described by Defendants' counsel as being "the person best qualified within the NDOC to answer Plaintiff's questions regarding NDOC communicable disease policy so Plaintiff could depose that person at his expense pursuant to Fed. R. Civ. P. 30(b)(6)."  (Doc. # 138 at 2.)

     Also before this court is Plaintiff's "Motion for Extension to Depose or in the Alternative Serve Written Questions" (Doc. #152).  Plaintiff seeks an extension of the existing discovery deadline to depose Mr. Forero by telephone, or alternatively, to enable Plaintiff to submit written questions.  (*Id*.)  The court might be inclined to allow the deposition of Mr. Forero by telephone as is authorized by Fed. R. Civ. P. 30(b)(6) or to allow his deposition on written questions to proceed.  However, unless Defendants are willing to produce Mr. Forero, Plaintiff will have to subpoena him and pay his witness fee as required by Fed. R. Civ P. 45.  Even if Plaintiff were to take a deposition by written questions under Rule 31, Plaintiff would still have to subpoena Mr. Forero.  Fed. R. Civ. P. 31(a)(1).  Plaintiff would also have to pay a deposition officer to administer the required oath and take the testimony and certify it according to Rule 31(b).

MINUTES OF THE COURT
3:11-cv-00781-LRH-WGC
Date:  April 9, 2013
Page 2

     As noted above, Defendants had no objection to Plaintiff deposing Mr. Forero, but it would have to be "at Plaintiff's expense."  (Doc. # 138 at 2.)  Plaintiff herein has not expressed a willingness to front the expenses associated with either a telephonic deposition or a deposition by written questions.  Without such assurances, there appears to be no utility in again extending the discovery deadline.  Even if Defendants were to agree to produce Mr. Forero for a telephonic deposition without the need for a subpoena and/or witness fee (which does not appear to be the case), Plaintiff would still have to pay for a court reporter or deposition officer, the expense of which is not inconsiderable, particularly for a pro se inmate such as Plaintiff herein who is proceeding *in forma pauperis* (Doc. # 47).[1]

     Plaintiff's motions, Docs. # 150 and # 152, are **DENIED**.  However, the court will re-address this issue at the forthcoming status conference.

     **IT IS SO ORDERED.**

                                                    LANCE S. WILSON, CLERK

                                                    By:   /s/
                                                           Deputy Clerk

---

[1] The order granting Plaintiff's *in forma pauperis* status (Doc. # 47), stated specifically that "the order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense."  (Id at 2, ¶ 2.)