# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN E. LEPLEY, | 3:11-cv-00781-LRH-WGC |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | April 9, 2013 |
| ROBERT LEGRAND, *et al.*, | |
| Defendant. | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN  REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Motion to Strike Defendants' Objections" (Doc. # 146). Although Plaintiff's motion is difficult to interpret, it appears Plaintiff is seeking to strike Defendants' "Response to Discovery Objection" (Doc. # 138) which was filed in response to Plaintiff's "Objection That a Fact is Not Supported by Admissible Evidence FRCP Rule 56-2 Summary Judgment" (Doc. # 128).

By way of background information, at the court's February 21, 2013 status conference, the court addressed Plaintiff's motion to compel (Doc. # 126) (*see* Minutes, Doc. # 131). Plaintiff stated that he received answers to Defendant Widmar's first set of interrogatories (Nos. 1-18). Plaintiff's second set of interrogatories (Nos. 1-7) were served at a later date but Plaintiff indicated he had not received responses to the second set. (*See* Doc. # 131 at 3.) Deputy Attorney General Hagen represented that he was unaware of a second set of interrogatories. (*Id.*) The court directed the parties to discuss the second set of interrogatories, and should it be found that they had not been served, Plaintiff was directed to re-serve them so Defendant Widmar can respond. (*Id.*)

With respect to the interrogatories, Plaintiff was previously instructed that if they had not been served that he re-serve them on Defendant Widmar. However, at the hearing, the court encouraged counsel to accept service of the interrogatories so that Defendant Widmar can respond. The court notes that Plaintiff attempted to file his Second Set of Interrogatories to Defendant Widmar (Doc. # 142). These interrogatories are dated "10 Mar 13" (Doc. # 142-1 at 3) and reflect a certificate of service of the same date (*id.* at 4). The court assumes Doc. # 142-1 is a handwritten copy of an earlier "original." Nevertheless, the representation of Defendants' counsel that counsel did not receive the original service is accepted by the court.

**MINUTES OF THE COURT**
3:11-cv-00781-LRH-WGC
Date: April 9, 2013
Page 2

At the 2/21/13 hearing the also court found that Defendant Reed had no obligation to seek information beyond his control for purpose of Plaintiff's interrogatories as he was retired from the Nevada Department of Corrections (NDOC) at the time they were served (which was confirmed by Defendants). (*See id*., Doc. # 132.) With respect to issues about information that may be sought from Reed's successor, Deputy Attorney General Hagen offered the name and address of the person best qualified within NDOC to answer Plaintiff's question regarding NDOC's communicable disease policy so Plaintiff could depose that person at his expense pursuant to FRCP 30(b)(6). (*Id.*) Defendants provided that information again in their filing. (Doc. #138 at 2.)

Returning to a discussion of the motion before the court, on February 19, 2013, Plaintiff filed an "Objection That a Fact is Not Supported by Admissible Evidence FRCP Rule 56-2 Summary Judgment" (Doc. #128). This was docketed by the clerk's office as a discovery objection. Defendants state that this filing does not appear to be contemplated by the rules, but because it discusses discovery matters, Defendants apparently treated it as a motion to compel and filed their response (Doc. # 138).

Plaintiff now moves to strike (Doc. #146) Defendants' "response" (Doc. # 138) stating that he mailed the Widmar interrogatories to the court, and he cannot depose that individual because he is indigent. This does not present a cognizable ground to strike Defendants' filing. Fed. R. Civ.P. 12(f) only allows the court to strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Defendants' filing (Doc. # 138) does not fall into any of these categories.

Plaintiff's motion also makes inquiry about whether the court will allow Plaintiff to depose Mr. Forero (Doc. # 146 at 1). Mr. Forero is not a party, so Plaintiff would presumably have to subpoena him to a deposition. As a non-party, Mr. Forero would not have to respond to interrogatories. These issues are discussed in greater detail in a separate minute order ( Doc. # 160).

As there is no basis to strike Defendants' filing (Doc. #138), Plaintiff's motion to strike (Doc. # 146 ) is **DENIED.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk