# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN E. LEPLEY, | ) | 3:11-cv-00781-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 25, 2013 |
| | ) | |
| ROBERT LEGRAND, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN     REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Motion to Compel Defendants to Produce Proof to Court" (Doc. # 171).  Plaintiff apparently objects to the language contained in the Defendants' motion for enlargement of time to respond to the interrogatories to Defendant Millican (Doc. # 167), and seeks an order of this court "to compel Defendants' counsel to provide NDOC Carson City Central Administration documentation that he did not perjure himself: that Defendant Millican is no longer employed and what date might this be."  Plaintiff attaches as an exhibit Defendants' Motion to Enlarge Time to Respond to Interrogatories to Defendant Joseph Millican" (Doc # 171 at 3-4).

To the extent the court can even interpret Plaintiff's motion, it appears to be more of a discovery request than a motion to compel.  But even so interpreted, there is no discovery request on this subject for which a response is outstanding.   What it appears Plaintiff wants the court to do is not recognized in the Rules of Civil Procedure, i.e., require a party's attorney to make statements in the case.

Therefore, Plaintiff's motion (Doc. # 171) is **DENIED.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:   /s/
       Deputy Clerk